UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
DAVIDR QUALITY CONSULTING LLC and DAVID A RITCHIE,

Plaintiffs,

- against -

LACHMAN CONSULTANT SERVICES, *et al.*,

Defendants.
-------------------------------------------------------x

**MEMORANDUM & ORDER**
25-CV-2102 (PKC) (SDE)

PAMELA K. CHEN, United States District Judge:

Plaintiff David A. Ritchie is a quality consultant in the pharmaceutical industry who operates through a limited liability company, DavidR Quality Consulting LLC ("DRQC"). Ritchie and DRQC brought this action against Defendant Lachman Consultant Services, Inc. ("LCS"), a corporation that also provides consulting services for the pharmaceutical industry, and two of LCS's directors, Defendants Paul Mason and Mary Alice Dankulich. Defendant LCS hired Plaintiffs Ritchie and DRQC to provide consulting services, but the relationship eventually soured, and Ritchie and DRQC were terminated. This litigation followed. Defendants have moved to dismiss the complaint in its entirety or, in the alternative, to compel arbitration.

The Court has reviewed the contract between the parties and concludes that it contains a mandatory arbitration clause that encompasses this dispute. Accordingly, Defendants' motion to compel arbitration is granted, and this case is stayed pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 3. Defendants' motion to dismiss is moot because the merits of Plaintiffs' claims must be adjudicated in arbitration.

## BACKGROUND

Plaintiffs filed this action on April 15, 2025. (Compl., Dkt. 1 (sealed).) They bring causes of action for defamation, retaliation, wrongful termination, breach of contract, tortious interference, and failure to pay overtime wages. (*See id.* ¶¶ 58–99.)[1]

On July 14, 2025, Defendants requested a pre-motion conference ("PMC") regarding their anticipated motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure ("Rule") 12(b)(6), or, in the alternative, to compel arbitration. (*See* PMC Req., Dkt. 17, at 1.) The Court deemed a PMC unnecessary and granted Defendants leave to file their motion to dismiss. (*See* 7/23/2025 Dkt. Order.) The Court also instructed Defendants that if they "intend[ed] to file a motion to compel arbitration, they should do so concurrently with the[ir] motion to dismiss." (*Id.*) Defendants filed a combined motion to dismiss and motion to compel arbitration, which is now fully briefed.[2]

As an attachment to their motion, Defendants include a "Confidential Engagement Agreement" (the "Agreement") between LCS, Ritchie, and DRQC dated September 21, 2022, which includes Ritchie's signature and the signature of LCS's chief legal and financial officer. (*See* Defs.' Mot. to Dismiss Ex. B ("Agreement"), Dkt. 30-3.) The Agreement contains an

[1] Plaintiffs' claims for defamation, retaliation, wrongful termination, breach of contract, and tortious interference are brought under state law. (*See* Compl., Dkt. 1, ¶¶ 58–92.) Their claim for failure to pay overtime wages is brought under both federal and state law. (*See id.* ¶¶ 93–99 (invoking both the Fair Labor Standards Act and the New York Labor Law).) Plaintiffs assert federal question jurisdiction over their overtime claim and diversity and supplemental jurisdiction over their remaining claims. (*See id.* ¶¶ 9–11.)

[2] (*See* Defs.' Mot. to Dismiss, Dkt. 30; Defs.' Mem. Supp. Mot. to Dismiss ("Mem."), Dkt. 30-4; Pls.' Opp'n to Mot. to Dismiss ("Opp'n"), Dkt. 30-5; Defs.' Reply Supp. Mot. to Dismiss ("Reply"), Dkt. 30-6.)

arbitration clause, which Defendants seek to enforce in their motion to compel. (*See id.* at 4 § 14; Mem., Dkt. 30-4, at 23–25.)

## DISCUSSION

### I. Defendants' Motion to Compel Arbitration and Stay Proceedings[3]

#### A. Legal Standard

The FAA requires courts to compel arbitration of claims that the parties have agreed to arbitrate. *See AT&T Mobility, LLC v. Concepcion*, 563 U.S. 333, 339 (2011) ("[C]ourts must place arbitration agreements on an equal footing with other contracts, and enforce them according to their terms." (internal citations omitted)). "Arbitration is a matter of contract and consent," and "disputes are subject to arbitration if, and only if, the parties actually agreed to arbitrate those disputes." *Coinbase, Inc. v. Suski*, 602 U.S. 143, 145 (2024). Therefore, "[c]ourts consider two factors when deciding if a dispute is arbitrable: '(1) whether the parties agreed to arbitrate, and, if so, (2) whether the scope of that agreement encompasses the claims at issue.'" *Cooper v. Ruane Cunniff & Goldfarb Inc.*, 990 F.3d 173, 179 (2d Cir. 2021) (quoting *Holick v. Cellular Sales of N.Y., LLC*, 802 F.3d 391, 394 (2d Cir. 2015)). Those issues are decided based on "state contract

---

[3] The Court first addresses Defendants' motion to compel arbitration because it could be—and here, is—dispositive of subject-matter jurisdiction. Defendants themselves style their motion to compel arbitration as one made pursuant to Rule 12(b)(1), (*see* Mem., Dkt. 30-4, at 9), which is a motion to dismiss for "lack of subject-matter jurisdiction," Fed. R. Civ. P. 12(b)(1). *See Harris v. TD Ameritrade Inc.*, 338 F. Supp. 3d 170, 181 (S.D.N.Y. 2018) (observing that a motion to compel arbitration "is analogous to—and sometimes treated as—a motion to dismiss for lack of subject-matter jurisdiction" under Rule 12(b)(1) because it "goes to the Court's power to hear a case" (collecting cases)). "Since 'jurisdiction generally must precede merits in dispositional order,' a district court should generally rule on a motion to compel arbitration before proceeding to a merits-based motion to dismiss." *Id.* at 181–82 (internal citation omitted) (quoting *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999)). And "[e]ven if the arbitration issue is not considered jurisdictional, it should ordinarily be addressed first as a matter of judicial efficiency." *Id.* at 182 (collecting cases); *cf. Katz v. Cellco P'ship*, 794 F.3d 341, 346 (2d Cir. 2015) (explaining that "a mandatory stay is consistent with the FAA's underlying policy 'to move the parties to an arbitrable dispute out of court and into arbitration as quickly and easily as possible'" (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 22 (1983))).

law principles." *See Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 229 (2d Cir. 2016) (citation omitted).

"To determine whether parties agreed to arbitrate, courts apply a 'standard similar to that applicable for a motion for summary judgment' . . . ." *Davitashvili v. Grubhub Inc.*, 131 F.4th 109, 115 (2d Cir. 2025) (quoting *Nicosia*, 834 F.3d at 229). Namely, courts must "consider all relevant, admissible evidence submitted by the parties" and must "draw all reasonable inferences in favor of the non-moving party." *Id.* (quoting same). "The party seeking arbitration bears the initial burden of demonstrating that an agreement to arbitrate exists." *Id.*

**B. Plaintiffs' Claims Must Be Arbitrated**

Here, the Agreement between LCS and Ritchie/DRQC contains the following provision ("Section 14"):

> 14. Applicable Law, Arbitration and Jurisdiction. . . . With the sole exception of any action brought by LCS seeking injunctive relief for a claimed violation by CONSULTANT, including its shareholders and employees, of its obligations under this Agreement, the parties agree that any dispute or controversy concerning[] or arising out of this Agreement, or any aspect of the relationship between the parties, shall, upon written demand of any party hereto, be submitted to and determined by arbitration before the American Arbitration Association, located in Nassau County, New York, by a panel of three arbitrators, in accordance with the then pertaining Commercial Rules of the Association. The parties agree that any decision of the arbitrators shall be conclusive, final and binding on both parties, their successors and assigns. Judgment upon the award rendered by the arbitrators in any matter which is submitted to arbitration may be entered in any court of competent jurisdiction. In connection with any matter for which injunctive relief is sought, it is understood and agreed that both parties hereby submit to the exclusive jurisdiction and venue of the state courts located in Nassau County, New York, and to the U.S. District Court, Eastern District of New York, in connection with any action, suit or other proceeding arising out of or relating to this Agreement and, with respect to any such action, suit or other proceeding, waive personal service of any summons, complaint or other process and agree that service thereof may be

> made by certified or registered mail directed to such party at such party's address for the purposes of notices hereunder.

(Agreement, Dkt. 30-3, at 4 § 14.) Defendants argue that Section 14 covers all of Plaintiffs' claims in this case, that Defendants have submitted a written demand to arbitrate those claims,[4] and that the Court must therefore grant Defendants' motion to stay and compel arbitration. (*See* Defs.' Mem., Dkt. 30-4, at 23–25.)

Plaintiffs do not contest that the Agreement is a valid and enforceable contract between the parties. (*See* Opp'n, Dkt. 30-5, at 23–24.) They argue, however, that Section 14 is ambiguous and contradictory, and that the ambiguity must be resolved against compelling arbitration. (*See id.*) Specifically, they point to the last sentence quoted above stating that, "[i]n connection with any matter for which injunctive relief is sought," the parties "submit to the exclusive jurisdiction and venue of the state courts located in Nassau County, New York, and to the U.S. District Court, Eastern District of New York, in connection with any action, suit or other proceeding arising out of or relating to this Agreement." (*See id.* at 23 (quoting Agreement, Dkt. 30-3, at 4 § 14).) Plaintiffs argue that "[t]his language demonstrates the parties' mutual consent to resolve covered disputes—including those seeking injunctive relief, such as this one—in the Eastern District of New York, underscoring the propriety of this forum and the parties' intention to litigate such matters in court." (*Id.*) Because Plaintiffs believe that claims seeking injunctive relief "fall squarely within both" this provision and the provision compelling arbitration, they contend that the agreement is ambiguous and cannot be deemed to require arbitration. (*Id.* at 24.)

---

[4] Although Defendants do not explicitly state whether they sent Plaintiffs a written demand to arbitrate before filing their motion, the Court notes that "a motion for arbitration is [itself] a written demand for arbitration," *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Lecopulos*, 553 F.2d 842, 845 (2d Cir. 1977), so Defendants' motion constitutes a "written demand" for purposes of Section 14.

The Court disagrees with Plaintiffs' reading. When looking at the Agreement and Section 14 as a whole, it is clear that the "*sole exception*" to the arbitration provision is the circumstance where LCS is suing Ritchie/DRQC and seeking injunctive relief for a claimed violation of the Agreement. (*See* Agreement, Dkt. 30-3, at 4 § 14 (emphasis added).) The later reference to "any matter for which injunctive relief is sought" is properly read to refer back to this *exception* to the arbitration requirement. (*See id.*)[5] Thus, if LCS sues Plaintiffs for injunctive relief under the Agreement, that lawsuit would be "submit[ted] to the exclusive jurisdiction and venue" of the state courts in Nassau County and this Court. (*See id.*) But other than this *sole* exception, "any dispute or controversy" concerning the Agreement or the relationship between Ritchie, DRQC, and LCS "shall" be submitted and determined in arbitration upon the written demand of any party. (*See id.*)

Even drawing all inferences in Plaintiffs' favor, the Court finds this language to be unambiguous, meaning "there is no reasonable basis for a difference of opinion." *Lockheed Martin Corp. v. Retail Holdings, N.V.*, 639 F.3d 63, 69 (2d Cir. 2011) (citing *White v. Cont'l Cas. Co.*, 848 N.Y.S.2d 603, 605 (2007)); *see Greenfield v. Philles Recs., Inc.*, 750 N.Y.S.2d 565, 569 (2002) (explaining that whether a contract is ambiguous is an issue of law for courts to decide).[6] That is particularly true because the Court must "read the integrated contract 'as a whole to ensure that undue emphasis is not placed upon particular words and phrases,' and 'to safeguard against

---

[5] Similarly, the phrase "in connection with any action, suit, or other proceeding arising out of or relating to this Agreement" is properly read, in context, as constrained by the phrase that begins the sentence: "[i]n connection with any matter for which injunctive relief is sought." (*See* Agreement, Dkt. 30-3, at 4 § 14.)

[6] The Court applies New York law because the Agreement states that it "will be governed by, construed and interpreted in accordance with the laws of the State of New York, without regard to its conflict of laws, rules or principles." (Agreement, Dkt. 30-3, at 4 § 14.) Neither party disputes that New York law applies. (*See generally* Mem., Dkt. 30-4, at 23–25; Opp'n, Dkt. 30-5, at 23–24; Reply, Dkt. 30-6, at 10.)

adopting an interpretation that would render any individual provision superfluous.'" *Law Debenture Tr. Co. v. Maverick Tube Corp.*, 595 F.3d 458, 468 (2d Cir. 2010) (internal citations omitted) (first quoting *Bailey v. Fish & Neave*, 837 N.Y.S.2d 600, 603 (2007); and then quoting *Int'l Multifoods Corp. v. Com. Union Ins. Co.*, 309 F.3d 76, 86 (2d Cir. 2002)). Plaintiffs' interpretation takes a specific part of Section 14 out of context and manufactures a conflict between provisions. It also renders part of Section 14 superfluous. There would be no need for the Agreement to specify that the "sole exception" to the arbitration requirement is for actions *brought by LCS* for injunctive relief if, in fact, the exception applies to *any action* for injunctive relief. (*See* Agreement, Dkt. 30-3, at 4 § 14); *see also Nomura Home Equity Loan, Inc., Series 2006-FM2 v. Nomura Credit & Cap., Inc.*, 69 N.Y.S.3d 520, 525 (2017) (explaining that a contract "must be construed in a manner which gives effect to each and every part, so as not to render any provision 'meaningless or without force or effect'" (quoting *Ronnen v. Ajax Elec. Motor Corp.*, 648 N.Y.S.2d 422, 424 (1996))). In sum, Plaintiffs' reading contravenes axiomatic principles of contract interpretation and, therefore, is simply not reasonable.

Because the contract is unambiguous, the Court must enforce it "according to the plain meaning of its terms." *Lockheed Martin*, 639 F.3d at 69 (citing *S. Rd. Assocs., LLC v. IBM*, 793 N.Y.S.2d 835, 838 (2005)). Here, the arbitration provision is broad: it covers "any dispute or controversy concerning[] or arising out of this Agreement, or any aspect of the relationship between the parties." (Agreement, Dkt. 30-3, at 4 § 14.) Plaintiffs' claims are all related to a dispute arising out of the professional relationship between Ritchie and DRQC on one side and LCS and its officers on the other. (*See generally* Compl., Dkt. 1.) That professional relationship was established and governed by the Agreement itself. (*See generally* Agreement, Dkt. 30-3.)

Plaintiffs' claims plainly fall within the scope of the arbitration provision.[7] Therefore, to give effect to the parties' unambiguous agreement, Defendants' motion to compel arbitration must be granted.[8]

[7] In some circumstances, where an arbitration agreement operates as a "prospective waiver of a party's *right to pursue* statutory remedies," the agreement can be invalidated under the "effective vindication" doctrine. *See Flores v. N.Y. Football Giants, Inc*, 150 F.4th 172, 181 & n.38 (2d Cir. 2025) (quoting *Am. Express Co. v. Italian Colors Rest.*, 570 U.S. 228, 235 (2013)), *cert. denied*, --- S. Ct. ----, No. 25-790, 2026 WL 1463191 (May 26, 2026). And, in some circumstances, an arbitration agreement can be rendered unenforceable if "Congress itself has evinced an intention to preclude a waiver of judicial remedies for the [federal] statutory rights at issue." *See Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 26 (1991) (quoting *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 628 (1985)), *superseded by statute*, Civil Rights Act of 1991, Pub. L. No. 102-166, 105 Stat. 1071, *as recognized in Lambert v. Tesla, Inc.*, 923 F.3d 1246 (9th Cir. 2019). Here, there is no allegation that the arbitral forum—the American Arbitration Association—would be unable to vindicate Plaintiffs' statutory rights under the New York Labor Law or the Fair Labor Standards Act, (*see generally* Opp'n, Dkt. 30-5, at 23–24), and the Second Circuit has clearly held that claims under the Fair Labor Standards Act claims are arbitrable, *see Rodriguez-Depena v. Parts Auth., Inc.*, 877 F.3d 122, 123–24 (2d Cir. 2017). The Court therefore concludes that all of Plaintiffs' claims, including their statutory claims, are arbitrable.

[8] The Court notes concerning aspects of Plaintiffs' opposition brief. In it, Plaintiffs cite to *Applied Energetics, Inc. v. NewOak Capital Markets, LLC*, 645 F.3d 522 (2d Cir. 2011), and claim that the Second Circuit held there that "arbitration cannot be compelled where the parties' agreement was not clear and unequivocal on which claims are subject to arbitration while expressly reserving at least some of the claims at issue to be adjudicated in court." (Opp'n, Dkt. 30-5, at 24.) That is a patently incorrect reading of the holding in *Applied Energetics*, which was that arbitration cannot be compelled where the parties *expressly revoke* their agreement to arbitrate by executing a subsequent, superseding agreement, "the terms of which plainly preclude arbitration." *Applied Energetics*, 645 F.3d at 524–25 (citation omitted).

Plaintiffs also cite *Louis Dreyfus Negoce S.A. v. Blystad Shipping & Trading Inc.*, 252 F.3d 218 (2d Cir. 2001), *abrogated by Granite Rock Co. v. International Boad of Teamsters*, 561 U.S. 287 (2010), for the proposition that "courts consistently hold that where a contract's dispute resolution provisions are ambiguous or internally inconsistent, ambiguity is resolved against compelling arbitration." (Opp'n, Dkt. 30-5, at 24.) That is, again, not what the case says. *Louis Dreyfus* does not even contain the word "ambiguous" or "ambiguity." *See generally* 252 F.3d 218. It instead distinguished between broad and narrow arbitration clauses, *id.* at 224–25, found the arbitration clause at issue to be broad, *id.* at 225–27, held that even a party's claim under a collateral agreement was covered by that broad arbitration clause, *id.* at 228–29, and affirmed the district court's order, which had permitted arbitration to proceed, *id.* at 230.

## II. Defendants' Motion to Dismiss

The Court now turns to Defendants' motion to dismiss under Rule 12(b)(6). Defendants ask the Court to dismiss Plaintiffs' claims under Rule 12(b)(6) and compel arbitration only for those claims "that may survive dismissal." (*See* Mem., Dkt. 30-4, at 25.) That is something the Court cannot do. "Arbitration is not a fallback position. It is not a second bite at the apple. Rather, a party with a claim to arbitration faces a binary choice: litigation or arbitration. One cannot have it both ways." *Doyle v. UBS Fin. Servs., Inc.*, 144 F.4th 122, 131 (2d Cir. 2025) (internal quotation marks omitted) (collecting cases). If the Court were to decide Defendants' motion to dismiss on the merits first, as Defendants request, it would also hold that Defendants waived their right to arbitrate the same claims in a second forum. *See id.* (holding that a party cannot "proceed in another venue—arbitration—*only after their motion to dismiss* [*is*] *denied*," because "by seeking dismissal," they "availed themselves of the District Court's authority to resolve the claims against them"); *see also id.* at 132 n.10 ("[O]f course, a party's moving to dismiss a complaint on the basis of failure to state a claim would preclude any motion to compel arbitration."). Since Defendants have requested arbitration for "any" and "all" of Plaintiffs' claims, (*see* Mem., Dkt. 30-4, at 24–25), and since the Court agrees that these claims are arbitrable, the Court will instead grant Defendants' motion to compel arbitration, stay this case, and find as moot Defendants' motion to dismiss.

---

The Court reminds Plaintiffs' counsel that "Rule 11 imposes a duty on attorneys to certify that they have conducted a reasonable inquiry and have determined that any papers filed with the court are well grounded in fact, [and] legally tenable." *Park v. Kim*, 91 F.4th 610, 614 (2d Cir. 2024) (citation omitted). Counsel also owe a duty of candor to the Court and a duty of competence to their clients. *See* N.Y. Rules of Pro. Conduct R. 3.3(a); N.Y. Rules of Pro. Conduct R. 1.1. Blatantly misstating the holdings of cases in signed submissions to the Court is inconsistent with these duties.

## CONCLUSION

Defendants' motion to compel arbitration is granted. This case is stayed pending arbitration pursuant to the Federal Arbitration Act, 9 U.S.C. § 3. Defendants' motion to dismiss is moot. The parties are directed to inform the Court within one (1) week of any resolution of the arbitration proceedings, or of any other event that would affect the stay of this matter.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: August 31, 2026
Brooklyn, New York